UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARLENY MAGNOLIA ALONZO,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

CASE NO. 2:26-cv-03542-BAT

**ORDER DENYING RELEASE AND DIRECTING BOND REDETERMINATION**

Before the Court is Petitioner's second petition for writ of habeas corpus requesting release from immigration detention. The Court **DENIES** Petitioner's request for release and **ORDERS** Respondents to provide Petitioner a bond redetermination hearing within 14 days of a receipt of a written request for such a hearing hearing.

On June 29, 2026, Petitioner filed her first habeas petition in case number 2:26-cv-02277-KKE. The Honorable Kymberly K. Evanson denied the petition. The record shows in 2009 Petitioner had been convicted of larceny and shoplifting; in 2013, Petitioner was placed into immigration detention based upon the convictions and released on an order of recognizance; in 2014 removal proceedings were initiated and Petitioner was ordered removed in 2019; and on February 2, 2026, Petitioner was arrested in Massachusetts for assault and battery of a family member, and pleaded guilty to the offenses and transferred to immigration custody. Petitioner, by

counsel, moved to reopen removal proceedings and on February 19, 2026 appeared at a bond hearing where an immigration judge (IJ) denied bond on the grounds Petitioner was a flight risk and danger to the community. Petitioner did not appeal the bond denial and was transferred to the Northwest ICE Processing Center. In May 2026, Petitioner applied for relief from removal and on June 23, 2026 an IJ denied relief and ordered Petitioner removed. Petitioner appealed the order of removal to the Board of Immigration Appeals (BIA) and the appeal is pending. Judge Evanson found Petitioner's detention was governed by 8 U.S.C. § 1226(a) and denied Petitioner's claim that her detention was unlawfully prolonged because Petitioner had only been detained about six months.

On September 21, 2026, Petitioner filed the present petition contending she pleaded guilty to crimes committed in Massachusetts, and the IJ denied bond in February 2026 based on her criminal convictions. She contends because the state court granted withdrawal of the guilty pleas and ordered a new trial on July 10, 2026, the IJ's basis for her detention no longer exists and she should be immediately released. She further argues providing another bond hearing would not remedy the fact that the basis for her initial detention—her state criminal convictions—no longer exists.

Respondents opposed the petition arguing Petitioner's detention is (1) not unreasonably prolonged; (2) Petitioner did not appeal the February 2026 bond denial and has no right to automatic periodic bond hearings; and (3) Petitioner's claims about removability and release are conjoined and thus outside the scope of the Court's jurisdiction.

The present habeas petition does not challenge Judge Evanson's findings and does not argue Petitioner should be released because her detention is now unreasonably prolonged under *Zadvydas v. DavisI*, 533 U.S. 678 (2001). Petitioner also avers she does not seek judicial review

of her removability, and the Court thus does not address removability. Rather, the sole issue Petitioner presents is whether there **continues** to be a lawful basis to keep her detained which is an issue over which the Court has jurisdiction. The record shows earlier this year, Respondents lawfully detained Petitioner based upon her 2009 and her then valid 2026 state criminal convictions; Petitioner does not challenge the initial February 2026 determination to deny bond. There is no dispute in July 2026 a state court permitted Plaintiff to withdraw her February 2026 guilty pleas and granted a new trial. Plaintiff argues the withdrawal of her guilty pleas constitutes a material change that undercuts the 2026 denial of bond and compels immediate release.

The Court agrees the withdrawal of Petitioner's 2026 guilty pleas is a material change in circumstances, but finds the proper remedy is directing Respondents to provide a new bond redetermination hearing if Petitioner so requests. The parties agree Petitioner's detention is governed by 8 U.S.C. § 1226(a). Petitioner was entitled to a bond hearing and was granted a bond hearing before an IJ in February 2026. Petitioner claims the circumstances of her detention changed materially in July 2026 when she was allowed to withdraw her guilty pleas. Under 8 C.F.R. § 1003.19(e) a noncitizen may obtain a bond redetermination when there is a material change in circumstances. Section 1003.19(e) states:

> (e) After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.

The Court finds Petitioner shall be granted a bond redetermination hearing if she submits a written request. Bond redetermination was statutorily available to Petitioner since July 2026, and she should avail herself of this remedy rather than ask the Court to disregard an available remedy and order immediate release. The Court also finds it inappropriate to decide in the first

instance whether bond should be granted and release ordered as this would require the Court to take and weigh evidence and make factual determinations. The record shows Petitioner's 2026 guilty pleas have been withdrawn and a new trial was granted. There is thus no set factual basis for the Court to determine whether Petitioner did or did not commit the alleged crimes, the factual circumstances regarding the charges, and whether her arrest for these offenses is not or could not constitute grounds for denial of bond.

The Court accordingly **ORDERS**:

1. The request that Petitioner be immediately released is **DENIED**.

2. Respondents shall **PROVIDE** Petitioner a bond redetermination hearing before an IJ within 14 days of receipt of Petitioner's written request for such a hearing. If Respondents fail to provide Petitioner such a bond hearing, Respondents shall immediately release Petitioner from custody on the same conditions of release earlier ordered in her order of release on recognizance.

DATED this 15th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge